```
 1              IN THE UNITED STATES DISTRICT COURT
             FOR THE WESTERN DISTRICT OF LOUISIANA
 2                     LAFAYETTE DIVISION

 3
    UNITED STATES OF AMERICA,    ) CRIMINAL ACTION NO. 6:22-CR-00062
 4                               )
                   Plaintiff,    )
 5                               )
             vs.                 ) JUDGE JOSEPH
 6                               )
    TYCOBY ARCENEAUX,            )
 7                               )
                   Defendant.    ) MAGISTRATE JUDGE WHITEHURST
 8

 9
                   CHANGE OF PLEA HEARING
10

11             Transcript of Proceedings before The Honorable

12       Carol B. Whitehurst, United States Magistrate Judge,

13       Lafayette, Lafayette Parish, Louisiana, commencing

14       on September 27, 2022.

15
    Appearances of Counsel:
16
             For the Government:      JOHN W. NICKEL, AUSA
17                                    LAUREN L. GARDNER
                                      U. S. Attorney's Office
18                                    800 Lafayette St., Ste. 2200
                                      Lafayette, LA 70501
19
             For the Defendant:      HAROLD D. REGISTER, III
20                                    McCorvey Law
                                      102 Versailles Blvd., Ste. 620
21                                    Lafayette, LA 70501

22

23                  Cathleen E. Marquardt, RMR, CRR
                     Federal Official Court Reporter
24                        800 Lafayette St.
                      Lafayette, Louisiana 70501
25                      Phone:  (337) 593-5223
```

2

```
 1   Appearances of Counsel
     continued:
 2
     For the defendant:          GARRON M. JOHNSON
 3                               Johnson & Johnson
                                 839 St. Charles Ave., Ste. 309
 4                               New Orleans, LA 70130

 5

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1                    (Lafayette, Lafayette Parish, Louisiana; September 27,

 2       2022, in open court.)

 3                    THE CSO:  All rise.  United States District Court for

 4       the Western District of Louisiana is now in session, the

 5       Honorable Judge Carol Whitehurst presiding.  God save the United

 6       States and this Honorable Court.

 7                    THE COURT:  You may be seated.  All right.  We are here

 8       in the case of United States of America versus Tycoby Arceneaux,

 9       and it's Criminal Number 22-cr-62.  Counsel please make your

10       appearances.

11                    MR. NICKEL:  Good morning, Your Honor.  John Nickel for

12       the government.  Seated with me at counsel table is Lauren Garner

13       with the U. S. Attorney's Office.

14                    THE COURT:  All right.

15                    MR. REGISTER:  Harold Register, III, and seated with me

16       is Mr. Garren Johnson, as well as Tycoby Arceneaux.

17                    THE COURT:  All right.  We are here for a change of

18       plea.  Why don't we have Mr. Arceneaux come forward with counsel.

19                    Mr. Arceneaux, we're going to swear you in at this

20       time, so if you would raise your right hand.

21                    COURTROOM DEPUTY:  Do you solemnly swear or affirm that

22       the testimony you give in this case will be the truth, the whole

23       truth, and nothing but the truth, so help you God?

24                    THE DEFENDANT:  Yes, sir.

25                    THE COURT:  Mr. Arceneaux, do you understand that now
```

1    that you have been worn your answers to my questions will subject

2    you to the penalty of perjury or of making a false statement if

3    you don't answer truthfully?

4            THE DEFENDANT:  Yes, ma'am.

5            THE COURT:  All right.  You'll need to speak a little

6    bit louder into that microphone because we do have a court

7    reporter that's taking down the proceedings, and you responded,

8    yes, that you do you understand?

9            THE DEFENDANT:  Yes, ma'am.

10           THE COURT:  All right.  Do you understand that I'm a

11   United States magistrate judge.  The district judge in your case

12   is Judge Joseph?

13           THE DEFENDANT:  Yes, ma'am.

14           THE COURT:  And do you understand that, as a magistrate

15   judge, I'm not empowered to accept a guilty plea in a felony

16   case, but I am empowered to talk to you today and to decide

17   whether or not to recommend to Judge Joseph that he accept your

18   guilty plea.  Do you understand that?

19           THE DEFENDANT:  Yes, ma'am.

20           THE COURT:  So what I'll do today with your consent is

21   I will preside over this hearing instead of Judge Joseph, and

22   I'll talk to you regarding your case and regarding your proposed

23   plea, and after this hearing a transcript will be prepared by the

24   court reporter, and that transcript will be provided to

25   Judge Joseph, and he will ultimately decide whether or not to

1    accept or reject your guilty plea based on a recommendation that

2    I will make to him.  Do you understand that?

3              THE DEFENDANT:  Yes, ma'am.

4              THE COURT:  And do you waive your right to appear

5    before Judge Joseph and instead agree to consent to appear before

6    me today?

7              THE DEFENDANT:  Yes, ma'am.

8              THE COURT:  All right.  I do have a written Consent to

9    Plead Before a United States Magistrate Judge in a Felony Case

10   and Waiver of Objection to Report and Recommendation which has

11   been presented to me.  It has been signed by Mr. Arceneaux and

12   his counsel, Mr. Johnson, as well as counsel for the government,

13   Mr. Nickel, and I am signing that right now, and I will have that

14   filed in the record.

15             All right.  Mr. Johnson, how does Mr. Arceneaux intend

16   to plead?

17             MR. JOHNSON:  He intends to plead guilty.

18             THE COURT:  And is that to Count 1 of the indictment,

19   charging possession with intent to distribute methamphetamine?

20             MR. JOHNSON:  That's correct, Your Honor.

21             THE COURT:  All right.  Mr. Arceneaux, is that correct?

22   Do you intend to enter a guilty plea today to Count 1 of the

23   indictment?

24             THE DEFENDANT:  Yes, ma'am.

25             THE COURT:  All right.  Mr. Arceneaux, before

1   recommending to Judge Joseph that he accept your guilty plea,

2   there are a number of questions I'll need to ask you to assure

3   myself that you are entering a valid plea.  So if you don't

4   understand my questions or if you need me to repeat something or

5   if you want to take some time to consult with Mr. Register or

6   Mr. Johnson, just let me know because it's very important, and

7   it's vital to a plea and essential that you understand each of

8   the questions before you answer.  Okay?

9            THE DEFENDANT:  Yes, ma'am.

10           THE COURT:  So Mr. Arceneaux, how old are you?

11           THE DEFENDANT:  30.

12           THE COURT:  And how far did you go in school?

13           THE DEFENDANT:  9th.

14           THE COURT:  All right.  Can you read, write, and

15   understand the English language?

16           THE DEFENDANT:  Yes, ma'am.

17           THE COURT:  All right.  Have you taken any drugs, any

18   medicines, any pills of any kind, or have you drunk any alcoholic

19   beverages in the last 24 hours?

20           THE DEFENDANT:  No, ma'am.

21           THE COURT:  And have you ever been treated for any

22   mental illness or addiction to alcohol or narcotic drugs?

23           THE DEFENDANT:  No, ma'am.

24           THE COURT:  All right.  The reason I ask these

25   questions is to make sure that you do understand what's going on

1    here today and that you haven't taken anything or done anything

2    that would interfere with your ability to understand the

3    proceedings.  Okay?

4              THE DEFENDANT:  Yes, ma'am.

5              THE COURT:  And do you understand what's going on here

6    today?

7              THE DEFENDANT:  Yes, ma'am.

8              THE COURT:  And what are you doing here?  Can you tell

9    me in your own words?

10             THE DEFENDANT:  Excuse me?

11             THE COURT:  Can you tell me in your own words what you

12    are doing here today?

13             THE DEFENDANT:  Pleading guilty.

14             THE COURT:  And do you know what you are pleading to?

15             THE DEFENDANT:  Count 1, with intent to distribute

16    meth.

17             THE COURT:  All right.  Mr. Register or Mr. Johnson, do

18    y'all have any doubts as to the competency of Mr. Arceneaux to

19    proceed today?

20             MR. JOHNSON:  I don't, Your Honor.

21             MR. REGISTER:  No, ma'am.

22             THE COURT:  All right.  Mr. Nickel, to the extent

23    you've had any interactions with Mr. Arceneaux, do you have any

24    doubt as to his competency?

25             MR. NICKEL:  No, Your Honor.

1          THE COURT:  All right.  Based on the representation of

2     counsel, as well as based on the answers to my questions by

3     Mr. Arceneaux and my interactions with Mr. Arceneaux, I do find

4     that he is competent to enter a plea in this matter today.

5          Mr. Arceneaux, have you had ample time to discuss your

6     case with your lawyers?

7          THE DEFENDANT:  Yes, ma'am.

8          THE COURT:  And are you satisfied with their

9     representation?

10          THE DEFENDANT:  Yes, ma'am.

11          THE COURT:  All right.  And Mr. Johnson, has he been

12     furnished with a copy of the indictment?

13          MR. JOHNSON:  Yes, ma'am.

14          THE COURT:  And does he waive the reading of the

15     indictment?

16          MR. JOHNSON:  He does, Your Honor.

17          THE COURT:  Okay.  Mr. Arceneaux, at this time I'm

18     going to review with you your constitutional rights that you are

19     necessarily waiving by pleading guilty.

20          Do you understand that, under the Constitution and laws

21     of the United States, you're entitled to a trial by a jury of 12

22     people on the charges contained in the indictment, and in order

23     to convict you, all 12 of the jurors would have to agree as to

24     your guilt?

25          THE DEFENDANT:  Yes, ma'am.

1          THE COURT:  Do you understand that you have the right
2     to plead not guilty and the right to persist in your plea of not
3     guilty?
4          THE DEFENDANT:  Yes, ma'am.
5          THE COURT:  Do you understand that at trial you'd be
6     presumed to be innocent, and the government would have to
7     overcome that presumption and prove you guilty by competent
8     evidence and beyond a reasonable doubt, and you would not have to
9     prove that you were innocent?
10          THE DEFENDANT:  Yes, ma'am.
11          THE COURT:  Do you understand that, in the course of
12     the trial, the witnesses for the government would have to come to
13     court and testify in your presence?
14          THE DEFENDANT:  Yes, ma'am.
15          THE COURT:  And your attorneys could cross-examine
16     those witnesses, they could object to evidence offered by the
17     government, and they could offer evidence on your behalf?
18          THE DEFENDANT:  Yes, ma'am.
19          THE COURT:  And do you understand that at trial you'd
20     have the right to testify if you chose to do so, but you'd also
21     have the right not to be compelled to incriminate yourself, so
22     you'd have the right not to testify?
23          THE DEFENDANT:  Yes, ma'am.
24          THE COURT:  And do you understand that at trial you
25     have the right to summon or call witnesses to testify on your

1    behalf?

2              THE DEFENDANT:  Yes, ma'am.

3              THE COURT:  If I recommend accepting your guilty plea,

4    do you understand that you'll waive your right to trial and all

5    the other rights I've discussed with you, and there will be no

6    further trial, and there will simply be entered a judgment of

7    guilty, and you'll be sentenced on the basis of your plea.  Do

8    you understand that?

9              THE DEFENDANT:  Yes, ma'am.

10             THE COURT:  In pleading guilty, do you also understand

11   that you waive your right not to incriminate yourself since I

12   necessarily have to ask you questions about what you did in order

13   to satisfy myself that you are guilty as charged?  Do you

14   understand that?

15             THE DEFENDANT:  Yes, ma'am.

16             THE COURT:  So what's going to happen toward the end of

17   this hearing is I'm going to review with you a document that's

18   part of your plea packet entitled Stipulated Factual Basis, and

19   in order for you to answer my questions regarding that document,

20   you would necessarily have to incriminate yourself because you

21   are admitting and acknowledging your guilt in order to plead

22   guilty.  Do you understand that?

23             THE DEFENDANT:  Yes, ma'am.

24             THE COURT:  And are you willing to waive your right to

25   remain silent and your right not to incriminate yourself?

1          THE DEFENDANT:  Yes, ma'am.

2          THE COURT:  And are you willing to waive and give up

3     your right to trial and all the other rights I've discussed with

4     you?

5          THE DEFENDANT:  Yes, ma'am.

6          THE COURT:  All right.  At this time I'm going to turn

7     to the document in the plea packet entitled Elements of the

8     Offense.  In that document, it states that to be found -- Of

9     course you're charged in Count 1 of the Indictment with

10    possession with intent to distribute methamphetamine in violation

11    of 21 U.S.C. 841(a)(1) and 841(b)(1)(A).

12         To be found guilty of the offense charged in Count 1,

13    the government must prove each of the following elements beyond a

14    reasonable doubt:

15         First:  That you knowingly possessed a controlled

16    substance;

17         Second:  That the substance was, in fact,

18    methamphetamine;

19         Third:  That you possessed the substance with the

20    intent to distribute it; and

21         Fourth:  That the quantity of the substance was at

22    least 500 grams or more of a mixture or substance containing a

23    detectable amount of methamphetamine, its salts, isomers, or

24    salts of its isomers.  Do you understand the Elements of the

25    Offense?

1           THE DEFENDANT:  Yes, ma'am.

2           THE COURT:  This document also contains definitions of

3    "possess with intent to distribute."  It states that it means to

4    possess with intent to deliver or transfer possession of a

5    controlled substance to another person with or without any

6    financial interest in the transaction.  Do you understand that?

7           THE DEFENDANT:  Yes, ma'am.

8           THE COURT:  If the case were to proceed to trial, the

9    government would also have the burden of proving proper venue.

10   That is, they'd have to prove by a preponderance of the evidence

11   that the offense was begun, continued, or completed in one of the

12   parishes that make up the Western District of Louisiana, and it's

13   my understanding that, in the Stipulated Factual Basis, the

14   parties agree that this offense did occur within the Western

15   District of Louisiana.  Is that correct?

16          THE DEFENDANT:  Yes, ma'am.

17          THE COURT:  All right.  Mr. Arceneaux, the next

18   document I'll review with you is the document entitled

19   Understanding of Maximum Penalty and Constitutional Rights.  On

20   the first page of that document in bold, it says:

21          Penalty - Count 1:  And it states that the penalty for

22   the count to which you are pleading guilty is a term of

23   imprisonment of not less than 10 years nor more than life.

24   However, if you have one prior conviction for a serious drug

25   felony or a serious violent felony, the penalty is not less than

1   15 years and not more than life, and if you have two or more

2   prior convictions for a serious drug felony or serious violent

3   felony, the penalty is not less than 25 years and not more than

4   life, and it also has a fine of not more than $10,000 or up to

5   $20,000 if a prior serious drug felony or serious violent felony

6   is proven, and the fine could be in addition to the term of

7   imprisonment.

8           And it also has a term of supervised release of at

9   least five years or at least 10 years if a serious drug felony or

10  serious violent felony is proven.  A special assessment of $100

11  is also part of the penalty.

12          I did see, I believe, in the plea agreement itself,

13  Mr. Nickel, that the -- With regard to the penalty, it doesn't

14  state the enhanced penalties.  I'm not sure if -- and of course,

15  I have advised him of the possibility of enhanced penalties, but

16  the plea agreement itself does not -- I don't think I had seen

17  that it states enhanced penalties.

18          MR. NICKEL:  Yes, Your Honor, the enhanced penalties

19  out of Statute 841 would still apply.

20          THE COURT:  Okay.  I just didn't note it in the plea

21  agreement itself.

22          All right.  Do you understand the maximum penalty

23  associated with the count to which you are pleading?

24          THE DEFENDANT:  Excuse me?

25          THE COURT:  Do you understand the maximum penalty that

1   I just reviewed with you for the count to which you are pleading

2   guilty?

3                 THE DEFENDANT:  Yes, ma'am.

4                 THE COURT:  Also this document contains the

5   constitutional rights that I reviewed with you earlier that you

6   are waiving by pleading guilty.  Is that your signature on this

7   document, and did you sign this only after reviewing it

8   thoroughly with your lawyers?

9                 THE DEFENDANT:  Yes, ma'am.

10                THE COURT:  All right.

11                MR. JOHNSON:  I'm sorry, Your Honor.  My client wanted

12  to ask me a quick question.

13                THE COURT:  Sure.

14                   (Defendant conferring with counsel.)

15                THE COURT:  Are we okay to go forward?

16                MR. JOHNSON:  I'm sorry.  Yes, Judge.

17                THE DEFENDANT:  Yes, ma'am.

18                THE COURT:  All right.  So we were just talking about

19  the Affidavit of Maximum Penalty and the Understanding of Maximum

20  Penalty and Constitutional Rights, and I discussed with you

21  the -- a special assessment.  Has the special assessment been

22  paid?

23                MR. JOHNSON:  I don't believe so.  The hundred dollars?

24                THE COURT:  Right, yes.

25                MR. JOHNSON:  Not at this time, Your Honor.

1            THE COURT:  Okay.  Were you given the form for payment?

2            MR. REGISTER:  Yes.

3            MR. JOHNSON:  Yes, Your Honor.

4            THE COURT:  Let me check one thing.  All right.  Also I

5    would order at this time that the Court -- the Clerk of Court

6    accept the defendant's payment of the special assessment or any

7    fine or restitution prior to sentencing, and further order that

8    restitution paid would be held by the Clerk of Court and not

9    disbursed to any victim until the defendant has been sentenced

10   and judgment has been entered.

11           And at this time I would refer to the Consent Decree of

12   Forfeiture which is part of the plea agreement, and

13   Mr. Arceneaux, this document states that you would forfeit any

14   ownership rights you have to the Smith & Wesson AR15 rifle, and

15   the $8,002 in U. S. currency as a result of your plea and your

16   conviction.

17           Did you sign this document only after reviewing it

18   thoroughly with your lawyers, Mr. Arceneaux?

19           THE DEFENDANT:  Yes, ma'am.

20           THE COURT:  All right.  Do you understand,

21   Mr. Arceneaux, that in every criminal case in which a defendant

22   may be sentenced to more than one year imprisonment, as in your

23   case, that in addition to any maximum possible penalty, the Court

24   shall order a term of supervised release to follow that term of

25   imprisonment, and in your case the term of supervised release is

1   at least five years or at least 10 years if a prior serious drug

2   felony or serious violent felony is proven.  Do you understand

3   that?

4          THE DEFENDANT:  Yes, ma'am.

5          THE COURT:  And do you understand that, while you're on

6   supervised release, you will have to abide by any conditions that

7   Judge Joseph imposes upon you, and that supervised release might

8   be revoked if you violate any of those conditions?

9          THE DEFENDANT:  Yes, ma'am.

10         THE COURT:  And do you understand that, if supervised

11  release is revoked for any reason, you may be imprisoned for the

12  full term of supervised release without credit for time spent on

13  postrelease supervision?

14         THE DEFENDANT:  Yes, ma'am.

15         THE COURT:  And do you also understand that a combined

16  time spent in prison under a sentence of imprisonment and a

17  subsequent revocation of supervised release could exceed the

18  statutory maximum?

19         THE DEFENDANT:  Yes, ma'am.

20         THE COURT:  Do you understand that the offense to which

21  you are pleading guilty is a felony offense, and that if your

22  plea is accepted, you'll be adjudged guilty of that offense, and

23  such adjudication may deprive you of valuable civil rights, such

24  as the right to vote, the right to sit on a jury, and the right

25  to possess a firearm?

1          THE DEFENDANT:  Yes, ma'am.

2          THE COURT:  Mr. Arceneaux, has anyone directly or

3    indirectly threatened you or forced you to plead guilty or told

4    you that if you didn't plead guilty other charges would be

5    brought against you or some adverse action would be taken against

6    you?

7          THE DEFENDANT:  No, ma'am.

8          THE COURT:  And I understand that there has been a plea

9    agreement that has been entered into between you and your counsel

10   and the U. S. Attorney's Office, and that plea agreement has been

11   reduced to writing?

12         THE DEFENDANT:  Yes, ma'am.

13         THE COURT:  All right.  And do you understand that plea

14   agreements are permissible, and that you and all counsel have the

15   duty to disclose the existence and the terms of any such

16   agreement?

17         THE DEFENDANT:  Yes, ma'am.

18         THE COURT:  Mr. Nickel, I saw that the plea agreement

19   does contain a motion for acceptance of responsibility?

20         MR. NICKEL:  That's correct, Your Honor.

21         THE COURT:  All right.  Can you outline the additional

22   terms of the plea agreement for the Court, please.

23         MR. NICKEL:  Yes, Your Honor.  In exchange for the

24   defendant's plea of guilty to Count 1 of the indictment, the

25   government agrees to dismiss the remaining counts of the

1   indictment after sentencing and agrees not to prosecute the

2   defendant for any other offense known to our office based on the

3   investigation which formed the basis of this indictment.

4          The government moves for the one-point reduction in

5   offense level should the defense level -- should the defendant's

6   offense level be 16 or greater.  And also this plea includes, is

7   a conditional plea in that the defendant does reserve his right

8   to appeal the Court's adverse ruling as to the defendant's motion

9   to suppress, and should such appeal be successful, defendant

10  shall be allowed to withdraw his guilty plea.

11         THE COURT:  All right.  Mr. Johnson, do you agree with

12  the terms of the plea agreement as stated by Mr. Nickel?

13         MR. JOHNSON:  Yes, Your Honor.

14         THE COURT:  Mr. Arceneaux, do you agree with the terms

15  of the plea agreement?

16         THE DEFENDANT:  Yes, ma'am.

17         THE COURT:  All right.  Mr. Nickel, before the plea

18  agreement was executed, had you communicated to defense counsel

19  any and all plea offers that the government was prepared to make?

20         MR. NICKEL:  Yes, Your Honor.

21         THE COURT:  Mr. Johnson, did you communicate to

22  Mr. Arceneaux any and all plea agreements offered to you by the

23  government?

24         MR. JOHNSON:  Yes, ma'am.

25         THE COURT:  Mr. Arceneaux, has anyone directly or

1    indirectly made any promises, other than the promises contained

2    in the plea agreement, that induced you to plead guilty?

3              THE DEFENDANT:  No, ma'am.

4              THE COURT:  All right.  And has anyone directly or

5    indirectly made any prediction, prophecy, or promise to you as to

6    what your sentence will be?

7              THE DEFENDANT:  No, ma'am.

8              THE COURT:  And do you understand that the United

9    States Sentencing Commission has issued guidelines for judges to

10   consider in determining an appropriate sentence in criminal

11   cases?

12             THE DEFENDANT:  Yes, ma'am.

13             THE COURT:  And do you understand that, while Judge

14   Joseph must consider those guidelines and use them as a

15   benchmark, the United States Supreme Court has ruled that those

16   guidelines aren't mandatory.  So he can sentence you above or

17   below the guidelines, depending on the specific facts of your

18   case.

19             THE DEFENDANT:  Yes, ma'am.

20             THE COURT:  And have you and your attorneys discussed

21   how those guidelines might apply in your case?  Have they

22   discussed the Sentencing Guidelines with you?

23             THE DEFENDANT:  Yes, ma'am.

24             THE COURT:  Mr. Johnson, y'all have talked about how

25   the guidelines will apply?

1          MR. JOHNSON:  Yes, ma'am.

2          THE COURT:  Okay.  And do you understand,

3    Mr. Arceneaux, that if the government is agreeing not to

4    prosecute other counts or charges, as they are in your case, this

5    conduct might still be considered in the presentencing report,

6    and it might increase the sentence to be imposed by the Court?

7          THE DEFENDANT:  Yes, ma'am.

8          THE COURT:  And do you understand that any

9    recommendation of sentence agreed to by your counsel and the

10   U. S. Attorney's Office is not binding on Judge Joseph and that

11   you might on the basis of your guilty plea receive a more severe

12   sentence than requested or recommended.  Do you understand that?

13         THE DEFENDANT:  Yes, ma'am.

14         THE COURT:  And have y'all talked about the concept of

15   relevant conduct, Mr. Johnson, and how it might affect the

16   Sentencing Guidelines?

17         MR. JOHNSON:  Yes, ma'am.

18         THE COURT:  All right.  Do you understand that,

19   Mr. Arceneaux?  There's a concept we call "relevant conduct" that

20   could affect the sentencing guidelines in your case, meaning like

21   other conduct other than what -- the charge you're pleading

22   guilty to.  Do you understand that?

23         THE DEFENDANT:  Yes, ma'am.

24         THE COURT:  All right.  Mr. Nickel, does the government

25   have any information, other than what's contained in the Plea

1   Agreement and in the Stipulated Factual Basis, as far as relevant

2   conduct that might affect the Sentencing Guidelines, or is it all

3   contained within this document?

4            MR. NICKEL:  It should be contained within those

5   documents and discovery.  This was an isolated event, so nothing

6   outside of that would affect it.

7            THE COURT:  All right.  Mr. Arceneaux, do you

8   understand that under some circumstances you or the government

9   might have the right to appeal any sentence that's imposed?

10           THE DEFENDANT:  Yes, ma'am.

11           THE COURT:  And do you understand that you might have

12  the right to appeal in forma pauperis, meaning that you might not

13  be responsible for certain fees associated with the appeal?

14           THE DEFENDANT:  Yes, ma'am.

15           THE COURT:  And do you also understand that parole has

16  been abolished and that, if you are sentenced to a term of

17  imprisonment, you won't be released on parole?  Do you understand

18  that?  There's no parole in federal court.  If you are sentenced

19  to a term of imprisonment, you won't be released on parole.  Do

20  you understand?

21           THE DEFENDANT:  Yes, ma'am.

22           THE COURT:  All right.  I talked to you earlier about a

23  document that's part of your plea packet, and it's called the

24  Stipulation in Support of Guilty Plea is what it's called.  I'm

25  going to review that document with you at this time and ask you

1    if you agree with the information contained in that document.

2           I'm going to start on paragraph 2 of the document.  It

3    states that (reading): On January 28, 2022, law enforcement

4    officials executed a search warrant at XXXXXXXXXXXXXXXX,

5    XXXXXXXXXXXXXX, Lafayette, Louisiana, 70503, and that was your

6    apartment.  Is that true?

7           THE DEFENDANT:  Yes, ma'am.

8           THE COURT:  Agents located approximately 4.6 kilograms

9    of crystal methamphetamine in assorted vacuum sealed bags within

10   a suitcase.  Is that correct?

11          THE DEFENDANT:  Yes, ma'am.

12          THE COURT:  This suitcase was located in the living

13   room area of the apartment, and agents also located a partially

14   smoked hand-rolled blunt on the living room table.  Is that

15   information true?

16          THE DEFENDANT:  Yes, ma'am.

17          THE COURT:  They also located $7,000 in cash in a

18   bowl-shaped light cover hanging from the ceiling in the dining

19   room area.  Is that true?

20          THE DEFENDANT:  Yes, ma'am.

21          THE COURT:  And they also located a red and gray brick

22   press with powder residue in the kitchen and a vacuum sealer.  Is

23   that correct?

24          THE DEFENDANT:  Yes, ma'am.

25          THE COURT:  Agents also located a money counter in a

1    cabinet under the sink in the hallway bathroom.  Is that

2    information true?

3              THE DEFENDANT:  Yes, ma'am.

4              THE COURT:  The total methamphetamine weight was

5    4,596 grams.  Is that correct?

6              THE DEFENDANT:  Yes, ma'am.

7              THE COURT:  And the parties agree that you did possess

8    the methamphetamine with the intent to distribute it.  Is that

9    true?

10             THE DEFENDANT:  Yes, ma'am.

11             THE COURT:  And it states that you were arrested later

12   on January 28, 2022, pursuant to a traffic stop and that agents

13   located three vacuum-sealed bags in your vehicle with markings

14   that matched those found on the vacuum-sealed bags containing the

15   methamphetamine at your apartment.  Is that true?

16             THE DEFENDANT:  Yes, ma'am.

17             THE COURT:  And you also had $1,002 in currency in your

18   pocket?

19             THE DEFENDANT:  Yes, ma'am.

20             THE COURT:  All right.  And again, it states that you

21   agree that all this took place in the Western District of

22   Louisiana in Lafayette.  Is that correct?

23             THE DEFENDANT:  Yes, ma'am.

24             MR. REGISTER:  And your Honor, with regard to the fact

25   that this is a conditional plea, we want to reiterate for the

1    record, any admissions by Mr. Arceneaux with regard to the

2    stipulated basis is still in accordance with the condition to

3    reserve his right to contest his motion to suppress.

4          THE COURT:  Yes, it is a conditional plea, and that is

5    set forth in the plea agreement itself.

6          All right.  Are there any filings to make at this time?

7          MR. NICKEL:  Yes, Judge.  At this time the government

8    will move to file the original executed copies of the Elements of

9    the Offense, the Understanding of Maximum Penalty and

10   Constitutional Rights, the Plea Agreement itself, the Stipulated

11   Factual Basis for the Guilty Plea, and the Consent to Plead

12   Before the Magistrate Judge.

13         THE COURT:  Any objections to the filings?

14         MR. JOHNSON:  No objection.

15         MR. NICKEL:  It also contains the Consent Decree of

16   Forfeiture.

17         THE COURT:  All right.  That will be filed in the

18   record.

19         So Mr. Arceneaux, how do you plead to Count 1 of the

20   indictment, guilty or not guilty?

21         THE DEFENDANT:  Guilty.

22         THE COURT:  All right.  Since you acknowledge that you

23   are in fact guilty as charged in Count 1, since you know your

24   right to trial and what the maximum possible punishment is, and

25   since you are voluntarily pleading guilty, I will recommend to

1   Judge Joseph that he accept your guilty plea and enter a judgment

2   of guilty based on your plea.

3          It's my finding and recommendation to Judge Joseph

4   that, in the case of United States of America versus Tycoby

5   Arceneaux, Criminal Number 22-cr-62, that Mr. Arceneaux is fully

6   competent and capable of entering an informed plea and that this

7   plea of guilty is knowing and voluntary and supported by an

8   independent basis in fact, containing each of the essential

9   elements of the offense contained in Count 1 of the indictment

10  and that Judge Joseph therefore accept Mr. Arceneaux's guilty

11  plea and adjudge Mr. Arceneaux guilty of that offense.

12         Mr. Arceneaux, I'm going to order that a Presentence

13  Investigation Report be done.  The probation officer is going to

14  meet with you to interview you for that report.  You have the

15  right to have your counsel present during the interview, and that

16  report will go to Judge Joseph for him to decide an appropriate

17  sentence in your case.  So I urge you to cooperate with the

18  probation officer.

19         Once the report is completed, it will go to your

20  attorneys, and they will review that report with you.  You'll

21  have the opportunity to object to the guideline calculations.

22  Also you can object to any factual information in the report if

23  you believe it wasn't reported correctly.

24         You will also have the opportunity to speak at your

25  sentencing or you can let your attorneys speak on your behalf.

1   The sentencing is going to be set for December 16th at 11:00

2   before Judge Joseph in Lafayette.  He's in Courtroom 1.

3          Any presentence memorandum that the defense may wish to

4   file will be due 14 days prior to the sentencing date, and the

5   government's response would be due seven days thereafter.  If

6   counsel intend to submit evidence or testimony at the sentencing

7   hearing, let Judge Joseph's chambers know so he can schedule the

8   adequate time necessary for the hearing.

9          It's my order that the court reporter transcribe this

10  hearing and file a copy of the transcript into the record of this

11  case and furnish a copy of the transcript to Judge Joseph and to

12  me.

13         And it's my further order that the clerk notify both

14  parties of the filing of the transcript, and at the time it is

15  filed, I will issue my written report and recommendation to

16  Judge Joseph regarding the plea.

17         MR. JOHNSON:  Thank you, Your Honor.  Did you mention a

18  time?  You said December 14th?

19         THE COURT:  Did I not say a time?  11:00 a.m.

20  December 16th, 11:00 with Judge Joseph.  You'll get a notice of

21  that also, a written notice.

22         Is there anything else that needs to come before the

23  Court in this case?

24         MR. NICKEL:  Nothing from the government, Your Honor.

25  Thank you.

```
1          MR. JOHNSON:  Nothing, Your Honor.

2          THE COURT:  All right.  Good luck to you,

3    Mr. Arceneaux.

4          Court is adjourned.

5                    (Hearing concluded.)

6

7                    *  *  *  *  *  *

8

9                 C E R T I F I C A T E

10     I, Cathleen E. Marquardt, RMR, CRR, Federal Official Court

11   Reporter, do hereby certify this 7th day of December, 2022, that

12   the foregoing pages 1-27 constitute a true transcript of

13   proceedings had in the above-entitled matter.

14                    /s/ Cathleen E. Marquardt
                    Federal Official Court Reporter
15

16                    *  *  *  *  *  *

17              REDACTION CERTIFICATION

18          I hereby certify this 11th day of April, 2023, that the

19   foregoing is a true and correct copy of the transcript originally

20   filed with the Clerk of Court on December, 7, 2022, and

21   incorporating redactions of personal identifiers requested by

22   John W. Nickel, attorney of record, in accordance with Judicial

23   Conference policy.  Redacted characters appear as noted in the

24   Redaction Request.

25                    /s/ Cathleen E. Marquardt
                    Federal Official Court Reporter
```